**SUBURBAN ROOFING CO., INC.**

v.

**DAY & ZIMMERMAN, INC. and Simpson, Gumpertz & Heger, Inc.**

**Civ. A. No. 83–3211.**

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1984.

any authority permitting removal on the basis

Ronald H. Silverman, King of Prussia, Pa., for plaintiff.

Eric Weiss, Philadelphia, Pa., for Day.

Jonathan Herbst, Philadelphia, Pa., for Simpson.

### MEMORANDUM

NEWCOMER, District Judge.

The plaintiff in this case is a roofing contractor that was awarded the job of repairing the roof of the Hershey High School in Hershey, Pennsylvania. The defendant, Day and Zimmerman, Inc. ("D & Z") is the engineering firm hired by the school district to provide plans and specifications for the repair of the roof. The defendant Simpson, Gumpert & Heger, Inc. ("SGH") is an engineering consultant that was hired by D & Z to perform a study of the roofing problem.

The plaintiff alleges that the defendants' wrongful acts led to a work stoppage that damaged the plaintiff, that D & Z slandered the plaintiff, and that D & Z interfered with the plaintiff's contractual relations. The plaintiff seeks recovery for these alleged injuries. The only basis for jurisdiction is diversity.

Shortly after the filing of its answer, D & Z moved for dismissal of the claims of a counterclaim.

against it on the grounds that the Court lacked subject matter jurisdiction over these claims. After I determined that both the plaintiff and D & Z are citizens of Pennsylvania for the purposes of establishing diversity, I granted D & Z's motion and dismissed the claims against it. *Suburban Roofing, Inc. v. Day & Zimmerman, et al,* C.A. No. 83–3211 (E.D.Pa. January 4, 1984). The claims against SGH were not affected by that order and are still pending before the Court.

The plaintiff has now moved for transfer of the entire case to the Dauphin County Court of Common Pleas pursuant to 42 Pa.C.S.A. § 5103(b). That statute reads, in pertinent part, as follows:

Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth.

■ The normal course of action for a plaintiff to take in this case would be to withdraw its federal action against SGH and refile its claims against both SGH and D & Z in state court.[1] In this case, such a procedure runs up against the possibility that the limitations period has run since the time the action was filed in this court. It is

precisely this problem that § 5103(b) is designed to alleviate. By allowing the district court to transfer an erroneously filed case to the Court of Common Pleas, rather than just dismissing it, § 5103(b) preserves the plaintiff's cause of action. The policy behind this section is that a plaintiff who files a timely action in Federal District Court should not lose his opportunity to litigate that case on the merits simply because he is in error regarding federal jurisdiction. *See Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982).

■ The problem presented by this case is that the claims of only one co-defendant have been dismissed for lack of jurisdiction. This fact, according to both defendants, prevents the transfer of the claims against them under § 5103(b). D & Z argues that § 5103(b) may only be used to transfer an entire case to the Court of Common Pleas. Both D & Z and SGH argue that the claims against SGH may not be transferred to Common Pleas because this court has jurisdiction over those claims.[2] While I am convinced that I would be able to transfer those claims asserted against D & Z alone under § 5103(b), I need not reach that issue because I find that I may transfer the entire case to the Court of Common Pleas.

To interpret § 5103(b) in the limited manner suggested by the defendants would severely restrict the scope and utility of that section. It would lead to piecemeal and duplicative litigation, with the waste of judicial resources and the threat of inconsistent verdicts that such litigation engenders.

It is clear that the plaintiff's claims against D & Z and SGH should be tried together. All the claims arise out of the same closely related series of transactions

---

1. Fed.R.Civ.P. 41(b) would require court approval for a voluntary withdrawal of the action at this stage of the litigation. Such approval is discretionary. *Ferguson v. Eakle,* 492 F.2d 26 (3d Cir.1974). Under the circumstances in this case, I would certainly permit the plaintiff to voluntarily withdraw its claims against SGH in order to allow the plaintiff to refile these claims in state court.

2. D & Z also argues that because I have already dismissed the claims against it I no longer have jurisdiction to transfer these claims. This argument is flatly contradicted by the holding in *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir. 1982), in which the Court of Appeals ordered the transfer of state claims that had previously been dismissed by the district court.

and events. Had the plaintiff originally filed this action in the Court of Common Pleas, the entire case would have been litigated before that court. The only reason that all claims are not now before Common Pleas is the possible statute of limitations problem.[3] Section 5103(b) was designed to relieve plaintiffs from the dire consequences of filing an action in federal court which is dismissed for lack of jurisdiction after the running of the limitations. To accept the narrow reading of the statute urged by the defendants would frustrate that purpose.

For the foregoing reasons I will grant the plaintiff's motion to transfer, and I will transfer the action to the Dauphin County Court of Common Pleas.

---

**3.** I do not believe that SGH has any entitlement to have the case heard by a federal court. SGH would not have been entitled to remove the case pursuant to 28 U.S.C. § 1441, because the claims against D & Z were not removable. *See* 28 U.S.C. § 1441(c). Furthermore, as I previously noted, it is quite likely that a motion for voluntary dismissal would be granted pursuant to Fed.R.Civ.P. 41(b). *See* note 1, *supra.* Thus, but for the problem presented by the statute of limitations, the plaintiff would be able to bring this action before the Court of Common Pleas without invoking § 5103(b).