**William OLESKI, Appellant,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Western Center, Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 2002.

Decided April 23, 2003.

Richard A. Porach, Carnegie, for appellant.

Thomas G. Eddy, Pittsburgh, for appellee.

Before: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

William Oleski appeals from an order of the Court of Common Pleas of Washington County that sustained preliminary objections to his second amended complaint against the Department of Public Welfare, Western Center (Department) and dismissed the complaint with prejudice.[1] Oleski questions whether the trial court erred in dismissing his cause of action under the

1. This case was reassigned to this author on February 4, 2003.

Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–963, when the action was originally timely filed in the court of common pleas, it was removed by the Department to federal district court pursuant to 28 U.S.C. § 1441, it was later dismissed at the Department's request for lack of subject matter jurisdiction, Oleski filed a certified copy of the district court's order pursuant to Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b), and the only pleading filed in both courts was the original complaint.

On May 22, 1998, Oleski filed an action in the Court of Common Pleas of Washington County that raised claims under the PHRA, the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. §§ 12101–12213, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601–2654. The complaint alleged one set of operative facts, generally, that Oleski has been diagnosed as suffering from a severe depressive disorder; that the Department knew of his condition and had granted a request to accommodate his condition; and that the Department rescinded the accommodation and placed Oleski back in the environment in which he was unable to operate. Oleski was terminated or constructively discharged or forced to resign in May 1997.

The Department secured removal of the case to the United States District Court, Western District of Pennsylvania, on July 2, 1998. Oleski filed a petition to remand the action. In January 1999 the federal court dismissed the FMLA claim due to lack of subject matter jurisdiction and remanded it to the court of common pleas. It retained jurisdiction over the ADA claim and asserted supplemental jurisdiction over the PHRA claim pursuant to 28 U.S.C. § 1367(a). Oleski filed an amended complaint in the court of common pleas in April 1999 asserting only the FMLA claim but averring that he filed a timely discrimination charge with the Pennsylvania Human Relations Commission, based upon the Department's rescission of accommodations made for Oleski's mental condition.

On March 5, 1999, the Department filed a motion pursuant to F.R.C.P. 12(b) to dismiss the claims remaining in the federal court; on the same date it filed preliminary objections to the original complaint in the court of common pleas. On October 21, 1999, the federal court denied the motion to dismiss the ADA claim, but it did dismiss the PHRA claim due to lack of subject matter jurisdiction, without prejudice to Oleski's right to pursue this claim in common pleas court. On November 12, 1999 Oleski filed a certified copy of the federal court order with the court of common pleas. On September 12, 2000, he filed a second amended complaint in the court of common pleas, which incorporated allegations of the first amended complaint and restated as "Count II" only the claim under the PHRA. The Department filed preliminary objections, moving to strike the second amended complaint on the basis that it was filed without leave of the court or consent of the defendants as required by Pa. R.C.P. No. 1033 and that the statute of limitations had run on the PHRA claim.

The court of common pleas issued an order on June 20, 2001 sustaining the preliminary objections and dismissing the second amended complaint with prejudice because it was filed without consent and without leave of court and because Oleski failed to file a certified transcript of the pleadings from the federal action in accordance with Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2). The court denied Oleski's motion for leave to file an amended complaint, and on February 5, 2002 it granted the Department's

motion for summary judgment as to the FMLA claim. Oleski timely appealed challenging only the court's sustaining preliminary objections as to the PHRA claim.[2]

■ Oleski asserts that if the court of common pleas' entire dismissal of his PHRA claim is permitted to stand, then the Department will benefit from the "procedural minefield" that it created by removing the action to federal court, then moving for dismissal in that court due to lack of jurisdiction and then seeking dismissal in the court of common pleas. He contends that the crux of this case is the application of 42 Pa.C.S. § 5103, sometimes known as the Pennsylvania Transfer Statute. He maintains that the second amended complaint was not required but was filed merely as an attempted accommodation for the Department based on procedures followed in connection with the FMLA claim.

Section 5103 relates to transfer of erroneously filed matters, and subsection (a) provides the general rule that if an appeal or other matter is taken or brought in a court or magisterial district of the Commonwealth that does not have jurisdiction over it, the court or magistrate shall not dismiss the matter but shall transfer the record to the proper tribunal, where it shall be treated as if originally filed on the date when it was first filed. Subsection (b) relates to federal cases:

> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), *a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth* is not required to commence a protective action in a court or before a district justice of this Commonwealth. *Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction,* any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing *a certified transcript of the final judgment of the United States court and the related pleadings* in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice of the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection. (Emphasis added.)

As Oleski notes, this case was not commenced in federal court. Rather, it was removed there under 28 U.S.C. § 1441, relating to actions removable generally.[3]

---

2. The Court's review of an order sustaining preliminary objections is to determine whether the court of common pleas committed an error of law or an abuse of discretion. *Muncy Creek Township Citizens Committee v. Shipman,* 132 Pa.Cmwlth. 543, 573 A.2d 662 (1990).

3. Subsection (a) of 28 U.S.C. § 1441 provides that any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed by the defendants to the district court embracing the place where such action is pending. Subsection (b) provides that any action of which the district

Oleski's position is that 42 Pa.C.S. § 5103(b) applies to his case and that he has complied with it. He relies upon the interpretation of that section provided in *Williams v. F.L. Smithe Machine Co., Inc.*, 395 Pa.Super. 511, 577 A.2d 907 (1990). In that case a plaintiff erroneously filed an action in federal district court, which dismissed the case for lack of subject matter jurisdiction. Shortly thereafter the plaintiff filed a new complaint in a court of common pleas, which decided that the plaintiff had to file a new complaint but that the action was now barred because the statute of limitations had run. The Superior Court reversed, noting that the clear language of 42 Pa.C.S. § 5103 provides that if a matter was originally filed within the statute of limitations in federal court but dismissed for lack of jurisdiction, the litigant may effect a transfer to the state court by complying with the provisions of 42 Pa.C.S. § 5103(b)(2), and the state court will treat the matter as if originally filed there. The policy behind the rule is that the plaintiff should not lose the opportunity to litigate the merits of a claim simply because the plaintiff erred regarding federal jurisdiction. *Suburban Roofing Co., Inc. v. Day & Zimmerman, Inc.*, 578 F.Supp. 374 (E.D.Pa.1984).

In *Williams* the court noted that the plaintiffs initially filed a certified copy of the federal district court order, but nothing relating to the pleadings because they thought at that time that it was necessary to file a new complaint. Later they filed uncertified copies of the federal pleadings. Finally, they filed certified copies of the pleadings filed in federal district court. Noting the dearth of case law interpreting 42 Pa.C.S. § 5103, and the plaintiffs' ultimate complete compliance, the court refused to affirm dismissal of the case; however, it stated that to protect the timeliness of an action under that provision, a litigant, upon having his or her case dismissed in federal court for lack of jurisdiction, "must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified copy of the pleadings from the federal action. The litigant shall not file new pleadings in state court." *Williams*, 577 A.2d at 910.

The Department argues that 42 Pa.C.S. § 5103 does not apply to this case and does not operate to toll the running of the statute of limitations because the matter was not originally filed in the federal district court. If that section should be construed to apply to removed actions, the Department contends that Oleski has failed to comply with the requirement of 42 Pa.C.S. § 5103(b)(2) to file at the same time certified copies of the related pleadings in federal court. It notes that subsequent cases, including *Ferrari v. Antonacci*, 456 Pa.Super. 54, 689 A.2d 320 (1997), have strictly enforced the requirement stated in *Williams* that a litigant act promptly when transferring a case from federal court to state court that has been dismissed for lack of jurisdiction.

Oleski argues that no further related "pleadings" as defined in Pa. R.C.P. No. 1017 were filed in the federal action before the dismissal of the PHRA cause of action;

courts have original jurisdiction founded upon a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship, but other cases shall be removable only if none of the properly joined defendants is a citizen of the state in which the action is brought. Subsection (c) provides that when a separate and independent claim or cause of action within the federal question jurisdiction is joined with otherwise non-removable claims or causes of action, the entire case may be removed, and the district court may determine all issues "or, in its discretion, may remand all matters in which State law predominates."

therefore the only pleading was the original complaint, which was already on file with the court of common pleas. He notes that the return of a case to the court of common pleas following removal to the federal court is different from the situation where a case was originally filed in federal court. In the latter case the pleadings in federal court would have to be filed in the court of common pleas because they would not already be on its docket. In contrast, because Oleski's complaint was filed originally and docketed in the court of common pleas, he was not required to file a certified transcript of the federal court pleadings when the federal court dismissed his PHRA claim. The Department's entire position, however, rests upon the distinction between a remand and a dismissal by a federal court of a removed cause of action.[4]

■ The Court agrees with the Department that 42 Pa.C.S. § 5103 is not directly applicable because the matter was not originally filed in the federal court. As Oleski argues, however, the policy expressed in that section should apply with even more force to a circumstance where the error was on the part of a defendant who removed the case to federal court and then challenged jurisdiction in that court. The Court therefore concludes that as a matter of law, in the highly unusual situation where a defendant removes a case to federal court and then secures dismissal of some aspect of the case based on lack of jurisdiction, the policy behind Section 5103(b) should apply. While subsection (b)(2) ordinarily requires that a plaintiff

file in state court a certified transcript of the final judgment of the federal court and related pleadings in order to revive and preserve the plaintiff's original claim in state court, under the circumstances presented in this case the Court finds that this requirement does not apply. Specifically, where the original complaint is already of record in state court and the remaining federal pleadings pertain only to claims other than the original state court claim sought to be revived, the plaintiff need do no more than to file a certified copy of the federal court order in the state court to revive the action. Therefore, Oleski's original PHRA claim is still viable, and the merits must be decided by the court of common pleas.

■ In the alternative, Oleski's cause of action was not time barred in September 2000. The federal court initially retained jurisdiction over the PHRA claim pursuant to 28 U.S.C. § 1367(a), providing in part that in any civil action of which the district courts have original jurisdiction "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." After the district court dismissed the PHRA claim, the Department argued that the statute of limitations on the PHRA claim had run. The Department's brief in support of its preliminary objections represented that the period of limitations is two years from the date the Human Relations Commission notified Oleski that his

---

**4.** The Court notes that had the federal court disposed of the PHRA claim under 28 U.S.C. § 1441(c), relating to separate and independent causes of action, it would have had no choice under the Rule but to remand. See n. 2 above. Similarly, if the federal court had agreed with the Department's motion pursuant to F.R.C.P. 12(b) and dismissed the entire action for lack of jurisdiction, then subsection (c) of 28 U.S.C. § 1447, relating to procedure after removal, would have applied. Under that subsection, if at any time before final judgment a federal court determines that it lacks jurisdiction over a removed case, the court shall remand it and the state court may thereupon proceed with the case.

complaint was closed, pursuant to Section 12(c)(2) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 962(c)(2). Assuming that the complaint was closed before the original court complaint was filed, the two-year period would extend until no later than May 21, 2000.

The Department fails to recognize the effect of 28 U.S.C. § 1367(d):

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

The court in *Parrish v. HBO & Co.,* 85 F.Supp.2d 792, 795–796 (S.D.Ohio 1999), explained Section 1367(d) as follows:

> Numerous authorities have recognized that the purpose of § 1367(d) was to ensure that plaintiffs did not lose their right to pursue their state law claims in state court in the event that the federal court failed to exercise supplemental jurisdiction over those claims. As stated in Moore's Federal Practice:
>
> > Subsection (d) of the supplemental jurisdiction statute enacts a salutary tolling provision to save supplemental claims that have been dismissed in federal court for assertion in state

court.... The legislative history indicates that the provision's purpose is to prevent the loss of claims to statute of limitations if state law might fail to toll the running of the limitation period while a supplemental claim is pending in federal court.

*Id.* (quoting 16 James Wm. Moore et al., Moore's Federal Practice ¶ 106.05[5] (3d ed.1999)).

Under Section 1367(d) the period of limitations was tolled from the July 2, 1998 removal to federal district court until the October 21, 1999 dismissal plus thirty days.[5] This tolling of the statute of limitations for approximately one year and four months meant that the complaint filed in September 2000, if viewed as an initial complaint, was timely. In any event, Oleski filed in state court a certified copy of the federal court dismissal order within 30 days, on November 12, 1999, which unquestionably meant that his original state court complaint was effectively revived. Accordingly, under either circumstance the court of common pleas committed an error of law when it sustained the Department's preliminary objections and dismissed Oleski's entire PHRA claim. The court's order is reversed, and this matter is remanded for further proceedings.

### ORDER

AND NOW, this 23nd day of April, 2003, the order of the Court of Common Pleas of Washington County is reversed, and this

---

**5.** In *Raygor v. Regents of the Univ. of Minnesota,* 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002), the Supreme Court held that 28 U.S.C. § 1367(d) does not toll the statute of limitations for claims against a non-consenting state filed in federal court but subsequently dismissed on Eleventh Amendment grounds. Where the state agency raised an Eleventh Amendment defense in its answers filed shortly after complaints were filed in federal court, the Supreme Court stated: "In-

deed, such circumstances are readily distinguishable from the limited situations where this Court has found a State consented to suit, such as where a State voluntarily invoked federal court jurisdiction...." *Raygor,* 534 U.S. at 547, 122 S.Ct. 999. Here, the Department was not non-consenting when it removed the case to federal court, and this principle does not shield it from the consequences of its actions.

matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

## DISSENTING OPINION BY Senior Judge McCLOSKEY.

I respectfully dissent as I disagree with the majority's conclusion that William Oleski's (Appellant's) original claim under the Pennsylvania Human Relations Act (PHRA)[1] remains viable. I further disagree with the majority's conclusion that Appellant only needed to file a copy of the federal court judgment with the Court of Common Pleas of Washington County (county court) in order to revive his original claim filed with that court. To the contrary, I believe that Appellant's failure to promptly file a certified transcript of the pleadings from the federal action in accordance with 42 Pa.C.S. § 5103(b)(2), bars further action at the county court.

Under 42 Pa.C.S. § 5103(b)(2), when Appellant sought to transfer the case back to the county court, he needed to certify the complaint that was at the federal level. The county court cannot presume that the original complaint, which had been transferred to federal court, was now being reinstated. Once the complaint was transferred to federal court, any number of changes could have taken place at the federal level. That is why, to effect a proper transfer back to county court, the pleadings at the federal level need to be certified.

There is nothing in the statutory law, or the case law, that would provide for "reactivation" of a complaint first filed in county court that had been transferred to federal court. Additionally, the original complaint had already been amended once by the Appellant. This amended complaint did not contain a cause of action under the PHRA. It is inconceivable that Appellant could now be allowed a second amendment to his complaint to include a PHRA cause of action after the expiration of the statute of limitations.

The majority, however, concludes that, under 28 U.S.C. § 1367(d), the statute of limitations had not expired at the time Appellant attempted to re-file his PHRA claim in county court, in September, 2000. Interestingly, neither party ever raised an issue as to the applicability of 28 U.S.C. § 1367(d) at any stage of these proceedings. More importantly, this issue is complicated by the fact that the constitutionality of 28 U.S.C. § 1367(d) has been successfully challenged in other states and its constitutionality as applied to Pennsylvania law is at the very least an arguable issue. *See Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002); *Jinks v. Richland County*, 349 S.C. 298, 563 S.E.2d 104 (2002), *certiorari granted*, —— U.S. ——, 123 S.Ct. 435, 154 L.Ed.2d 328 (2002).

Based on the fact that Appellant failed to satisfy the requirements of Section 5103(b)(2) in effecting a proper transfer to county court and the statute of limitations had expired by the time Appellant sought to file his second amended complaint adding the PHRA claim, I would affirm the grant of Appellee's preliminary objections by the trial court.

---

1. Act of Oct. 27, 1955, P.L. 744, *as amended*, 43 P.S. § 951–963.