577 A.2d 907

Teresa L. **WILLIAMS** and Gordon N. **Williams**, Appellants,

v.

**F.L. SMITHE MACHINE COMPANY, INC.** and John J.
Adams Die Corporation, Appellees.

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed July 23, 1990.

Robin Thornburg, Asst. Dist. Atty., Pottsville, for appellants.

James C. Munro, II, Johnstown, for F.L. Smithe, appellee.

Katherene E. Holtzinger–Conner, York, for John J. Adams, appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

The appellants, Theresa L. Williams and Gordon N. Williams, have filed an appeal following the dismissal of their action by the Court of Common Pleas of Schuylkill County on December 22, 1989. Following a review of the record before us, we find that the trial court erred in construing 42 Pa. C.S.A. § 5103, and, accordingly, we reverse.

The facts underlying the present appeal are not in dispute. In September of 1986, appellant Theresa Williams was injured while operating a power press which had been sold to Theresa Williams' employer by appellee F.L. Smithe Machine Company, Inc. Appellee John J. Adams Die Corporation had apparently manufactured certain component

parts of the power press. On September 19, 1988, within the applicable statute of limitations, appellants filed suit in the United States District Court for the Middle District of Pennsylvania. Jurisdiction was never proper in the federal court, however, because appellants are citizens of Pennsylvania and F.L. Smithe Machine Company, Inc., is a Pennsylvania corporation, thus preventing the exercise of diversity jurisdiction by the federal court. When F.L. Smithe filed a motion to dismiss the action in the federal court for lack of diversity of citizenship, appellants did not oppose the motion. The federal court granted the motion to dismiss for lack of subject matter jurisdiction on March 16, 1989.

Shortly thereafter, on March 30, 1989, appellants filed a new complaint, identical to the complaint filed in federal court, in the Court of Common Pleas of Schuylkill County. Attached to the complaint were certified copies of the federal court docket and the March 16, 1989, Order of the federal court dismissing the action for lack of jurisdiction. Approximately one month later, on April 24, 1989, appellants filed copies of the pleadings which had been filed in the federal court action. Later, in October of 1989, appellants filed *certified* copies of the federal pleadings in the Schuylkill County Court of Common Pleas. In response to a motion to dismiss, the trial court determined that because the federal court had dismissed the action and closed the file, as opposed to transferring the action to a state court, appellants were required to institute a new action in state court, because "... there was no case to transfer to our Court." Op. of Trial Court, December 22, 1989, at 22. However, by March of 1989, when the appellants filed their initial pleading in the Schuylkill County Court of Common Pleas, the statute of limitations had run. Thus, the trial court found appellants' action against appellees to be time barred, and dismissed their complaint.

We must construe the following statutory enactment in order to reach a decision in the case *sub judice:*

42 Pa. C.S.A. § 5103(a) and (b).

**(a) General Rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.**

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer

may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States Court, but the transferee court or district justice may required that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

■ It is evident from the clear and unambiguous language of 42 Pa. C.S.A. § 5103(a) and (b), that if a matter is originally filed within the statute of limitations in the federal court, but is dismissed for lack of jurisdiction by the federal court, the litigant may then effect a transfer of the action to state court by complying with the provisions set forth in 42 Pa. C.S.A. § 5103(b)(2). The state court will treat the matter as if originally filed in the state court if the litigant complies with the dictates of 42 Pa. C.S.A. § 5103(b)(2). Thus, in the present case, if appellants complied with 42 Pa. C.S.A. § 5103(b)(2), the trial court must deem their action as filed on the date it was first filed in the federal court, September 19, 1988, and thus within the applicable statute of limitations.

It is also clear from a reading of 42 Pa. C.S.A. § 5103 that, in order for the statute to apply to prevent a litigant from losing the opportunity to litigate his case on the merits simply because he is in error regarding federal jurisdiction, it is not necessary that the federal court transfer the case or take other action following the determination that federal jurisdiction is absent. All that is required is an order entered by the federal court dismissing the matter for lack of jurisdiction. It is then incumbent upon the litigant to take further action under the statute to move the case to state court.[1]

1. We note with some concern that 42 Pa. C.S.A. § 5103 does not require a litigant to take action to transfer the case from federal court to state court within any particular time from the date the action is

■ Appellees argue that we should affirm the dismissal of appellants' action, as appellants did not file a certified copy of the pleadings from the federal action until October 18, 1989. We are cognizant of the fact that 42 Pa.C.S.A. § 5103(b)(2) requires that a litigant effect a transfer to state court by ". . . filing a certified transcript of the final judgment of the United States court and the related plead-ings in a court or magisterial district of this Common-wealth." *See* 42 Pa. C.S.A. § 5103(b)(2). As the trial court notes, appellants did file a certified copy of the final order of the federal court, dismissing their case, but the appel-lants mistakenly filed a new, although identical, complaint in state court. Later, appellants realized "that is was not necessary to file a new complaint with a Schuylkill County caption, but merely to file copies of the original District Court complaint and subsequent pleadings, and on April 24, 1989, plaintiffs filed true and correct copies of the District Court pleadings. The April 24, 1989 pleadings were true and correct copies of the record documents but were not certified copies of the original pleading[s], and on October 18, 1989, plaintiffs, realizing their error, filed certified cop-ies of the original pleadings." Op. of Trial Court, Decem-ber 22, 1989, at 2.

■ Given the dearth of case law interpreting the provi-sions of 42 Pa. C.S.A. § 5103, appellants' initial partial compliance with the statute's requirements, and eventual complete compliance, we do not believe that appellants should suffer the harsh result of dismissal of their cause of action. However, for benefit of both bench and bar, we now emphasize that in order to protect the timeliness of an action under 42 Pa. C.S.A. § 5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judg-ment of the federal court and, at the same time, a certified

dismissed by order of the federal court. In the case at bar, appellants moved promptly to have their case heard in state court. We are hopeful, however, that our Legislature will see fit in the future to include a time requirement in the provisions of 42 Pa. C.S.A. § 5103.

transcript of the pleadings from the federal action. The litigant shall not file new pleadings in state court.

For all of the foregoing reasons, we reverse the order dismissing appellants' action and remand for further proceedings. Jurisdiction is relinquished.