689 A.2d 320

**Agostino FERRARI, S.P.A. Appellant,**

**v.**

**Carmen ANTONACCI, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1996.

Decided Feb. 14, 1997.

Thomas E. Groshens, Philadelphia, for appellant.

Douglas R. Widin, Philadelphia, for appellee.

Before CIRILLO, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, Judge:

This is an appeal from an order which sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. We affirm.

Appellant, an Italian corporation, initially filed an action in April of 1993 in the Unites States District Court for the Eastern District of Pennsylvania. It set forth claims arising from agreements and events which occurred in 1989 and 1990 and which related to the creation of a United States distributor for Appellant's products. On July 26, 1994 the federal district court dismissed Appellant's action, without prejudice, for lack of subject matter jurisdiction. Nearly one year later, on July 24, 1995, Appellant filed a complaint in the Court of Common Pleas of Chester County alleging the same causes of action which it had pled in the federal action. A certified transcript of the pleadings filed in the federal court or of the final judgment, was not filed with the complaint. Appellee filed preliminary objections which included an assertion under Pa.R.C.P 1028(a)(2) that Appellant's complaint failed to conform to law or rule of court in that Appellant failed to act "promptly" in transferring to state court an action which has been dismissed by a federal court for lack of jurisdiction. Thereafter, Appellant filed an amended complaint on October 2, 1995 with attached certified copies of the pleadings filed in the federal action and a certified copy of the order dismissing the federal action for lack of jurisdiction. Preliminary objections were again filed objecting to the timeliness of Appellant's actions after the federal court dismissal.

The court granted the preliminary objections ruling that new pleadings should not have been filed in the state court but rather a timely transfer should have occurred with the filing of a certified transcript of the final judgment and the pleadings from the federal action. Because Appellant did not protect the timeliness of its action under 42 Pa.C.S.A. § 5103 as interpreted by this court in *Collins v. Greene County Memorial Hospital,* 419 Pa.Super. 519, 615 A.2d 760 (1992), *aff'd,* 536 Pa. 475, 640 A.2d 379 (1994), and *Williams v. F.L. Smithe*

*Mach. Co., Inc.,* 395 Pa.Super. 511, 577 A.2d 907 (1990), the court dismissed Appellant's complaint with prejudice.

On appeal Appellant argues that it was inappropriate for Appellee to file preliminary objections based upon a statute of limitation defense, that the trial court wrongly applied 42 Pa.C.S.A. § 5103, and that it erred in dismissing the action without considering the particular factual circumstances of this case.

We can readily dismiss Appellant's first claim regarding the means by which Appellee chose to challenge Appellant's complaint. Although it is true that a statute of limitation defense is to be raised in new matter rather than by preliminary objections, a statute of limitations defense was not the basis for Appellee's objection in this case, nor was it the basis for the court's ruling. Appellee's preliminary objections were based upon Rule 1028(a)(2) of Pa.R.C.P. which authorizes a party to challenge a pleading which fails to conform to law or rule of court by the filing of preliminary objections. It is not disputed that Appellant's action would be outside the statutory limitation period had it not been extended by the filing of the federal action. (See 42 Pa.C.S.A. § 5103(a) and (b), which provide that if a federal court dismisses timely filed state law claims due to lack of jurisdiction, the proper transfer of those claims shall allow the matter to be treated as if filed when originally filed with the federal court.) Therefore, the question presented by Appellee was not whether the limitation period was violated, but whether Appellee took the appropriate steps to transfer the action from the federal to the state court. Thus, it was proper for Appellee to file, and the court to consider, preliminary objections raising this matter.

Appellant also argues that because it brought this action within one year of the dismissal from the federal court according to 42 Pa.C.S.A. § 5535(a), it is timely and the trial court improperly applied the provisions of § 5103 and case law which requires a "prompt" transfer to this matter. Section 5535(a) permits a party to commence "a new action or proceeding upon the same cause of action" which has been timely

commenced but terminated, where it is brought within one year. 42 Pa.S.C.A. § 5535(a). This section speaks specifically to actions which have been terminated and where a new action is sought to be commenced. Section 5103, however, specifically governs the situation found here, where a matter is filed in a district court and is dismissed for lack of jurisdiction. In such instances, Section 5103 allows a matter to be transferred according to its provisions and permits the matter to be treated as filed on the date originally filed with the district court. It specifically states that "Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection." 42 Pa.C.S.A. § 5103(b)(2).

Section 5103 has been interpreted to be applicable in situations such as this where a federal court dismisses an action due to lack of jurisdiction. We have held that a litigant should file a certified transcript of the final judgment of the federal court and a certified transcript of the pleadings from the federal action, rather than new pleadings in the state court. *Williams v. F.L. Smithe Mach. Co., Inc., supra.* The trial court in this case properly cited to the cautionary language of *Williams* which advised parties of the applicability of Section 5103 to situations as found in this case, and the need to act with promptitude.

> However, for the benefit of both bench and bar, we now emphasize that in order to protect the timeliness of an action under 42 Pa.C.S.A. § 5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. The litigant shall not file new pleadings in state court.

*Williams v. F.L. Smithe Mach. Co.,* 395 Pa.Super. at 516–517, 577 A.2d at 910.

In *Collins v. Greene County Memorial, supra,* this court reiterated the need for litigants to act promptly in effectuating a transfer of a federal case which has been dismissed for jurisdictional reasons. Therein, this court found that a nearly

seven month delay which occurred before any indication was made by the appellants that they intended to pursue their state claims, was not prompt. The court called for the legislature to include a specific 30 day time requirement in the provisions of 42 Pa.C.S.A. § 5103. *Collins,* 419 Pa.Super. at 525, 615 A.2d at 763. *See also Kurz v. Lockhart,* 656 A.2d 160 (Pa.Cmwlth.1995)(which held that appellants were required to transfer their action to state court promptly after a federal court dismissal and that state action brought within one year with reference to 42 Pa.C.S.A. § 5535, was not prompt. Appellants were required to transfer the matter promptly in accordance with 42 Pa.C.S.A. § 5103.)

We conclude that the trial court correctly relied on the provisions of 42 Pa.C.S.A. § 5103, as interpreted by the courts of this Commonwealth, in dismissing Appellant's complaint. We further add that there was no need for the court to undertake a fact-finding function in order to make this determination. As was stated in *Collins,* "the Appellants cannot claim that because of a lack of interpretive case law under § 5103, they did not know what was required of them." *Id.* at 524, 615 A.2d at 762. In this case there was a delay of nearly one year before Appellant's filing with the state court. Appellant's excuse that it was uncertain whether the defendant was judgment proof does not serve as a just reason to deviate from established precedent.

Order affirmed.