**McGonigle v. Ansel**

30

C.P. of Philadelphia County, December Term 2004, no. 2493.

*Neil E. Jokelson,* for plaintiff.
*William J. Spearing,* for defendant Ansel.
*Randall J. Henzes,* for defendant McIlmail.

QUIÑONES ALEJANDRO, *J.,* February 23, 2006—

## OPINION[1]

## INTRODUCTION

On June 14, 2004, Margaret McGonigle (plaintiff), represented by Neil E. Jokelson, Esquire, filed in the United Slates District Court for the Eastern District of Pennsylvania a civil action against defendant Michael McIlmail, an agent with the Pennsylvania Office of the Attorney General, and defendant William Ansel, a police officer assigned to the Philadelphia Internal Affairs Department, alleging that said defendants conspired to wrongly accuse her of appearing in federal court as a character witness for a criminal defendant in violation of a Philadelphia Police Department directive. Defendants filed a motion to dismiss the complaint for lack of federal jurisdiction. Said motion was granted by an order entered on November 29, 2004, which provided, in its pertinent part, that the dismissal of the complaint was "without prejudice to plaintiff's right to re-file them in the appropriate state court."

On December 22, 2004, plaintiff, still represented by Attorney Jokelson, filed a writ of summons against de-

---

1. Pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925(b), this motion judge issued an order dated January 4, 2006, directing plaintiff to file *of record* and serve unto this motion judge a statement of matters complained of on appeal. Plaintiff served unto this motion judge but did not file of record the statement of matters complained of on appeal. In this motion judge's opinion, plaintiff is deemed to have waived any appellate argument and, consequently, this appeal should be dismissed. See *Hartdegen v. Berger,* 839 A.2d 1100, 1103-1105 (Pa. Super. 2003). Notwithstanding, and in the interest of judicial economy, this opinion is being issued to address plaintiff's waived issues.

fendants McIlmail and Ansel in the First Judicial District of Pennsylvania (Philadelphia) Court of Common Pleas. On January 25, 2005, plaintiff filed a complaint against defendants alleging similar averments as those contained in her federal complaint; to wit: defendants conspired to wrongly accuse her of appearing in federal court as a character witness for a criminal defendant in violation of a Philadelphia Police Department directive, and with separate counts of intentional infliction of emotional distress, and interference with present and prospective business and/or contractual relations.

On October 3, 2005, and October 18, 2005, defendants McIlmail and Ansel, respectively, filed motions for summary judgment pleading numerous grounds for the dismissal of plaintiff's complaint. By order dated November 30, 2005, this motion judge granted the motions for summary judgment *solely* on the basis that the statue of limitations had expired.

Dissatisfied with the rulings, plaintiff filed this appeal on December 28, 2005.

## RELEVANT FACTUAL AND PROCEDURAL HISTORIES

After a careful review of the pleadings filed, this motion judge considered the following factual and procedural histories:

In 1997, plaintiff was hired as a police officer by and for the City of Philadelphia, Pennsylvania.[2]

---

2. Defendant Ansel's motion for summary judgment, page one.

On November 14, 2001, plaintiff, who was on leave for a work-related injury,[3] along with her police partner, Officer Bashawn Hameen, accompanied plaintiff's mother to the federal courthouse where plaintiff's brother, John McGonigle, was awaiting a pretrial detention (bail) hearing for narcotics violation charges.[4] Plaintiff was not there in an official capacity nor had she been subpoenaed to be present, nor had she notified the Police Commissioner of her intent to be in the courtroom. Present at the hearing was defendant McIlmail, an agent employed by the Pennsylvania Attorney General's Office.[5]

What transpired during and after the bail hearing is contested and is what has prompted plaintiff's lawsuit. Plaintiff contends that defendant McIlmail reported to his supervisor that during the bail proceedings the presiding judge asked the audience in the courtroom if anyone was there on behalf of John McGonigle to attest to his good character and that, allegedly, plaintiff, who was in plain clothes and on crutches, stood up.[6] In response to the judge's inquiry and other remarks, defense counsel for Mr. McGonigle referred to plaintiff as a Philadelphia police officer who was present and willing to allow her brother, the defendant, to live with her.[7]

Plaintiff admits that she was present at the bail hearing but denies that she stood up and/or responded that

---

3. *Id.*

4. *Id.*

5. *Id.*

6. Plaintiff's response to defendant Ansel's motion for summary judgment, page three.

7. Defendant McIlmail's motion for summary judgment, page one.

she was there on behalf of her brother.[8] She further contends that the transcript of the proceedings would support her contentions.

When the bail hearing concluded, defendant McIlmail allegedly reported his version of events to his supervisor and questioned plaintiff's presence at the bail hearing. In early December 2001, Robert Montague, another agent in the Pennsylvania Attorney General's office, contacted Captain Donna Sykes, plaintiff's commanding officer, and inquired if she knew that plaintiff had been a character witness for a defendant in a criminal hearing.[9] If true, this action would violate a Philadelphia Police Department directive which prohibits police officers from appearing or testifying as a character witness for any defendant in a criminal proceeding, if done, without being subpoenaed and previously notifying the Philadelphia Police Commissioner.[10]

Relying on this information, Captain Sykes, on December 3, 2001, forwarded a request to the Deputy Police Commissioner for Internal Affairs to investigate this charge. This request was ultimately assigned to defendant Ansel,[11] who interviewed plaintiff twice (on June 12, 2002, and on March 20, 2003),[12] her police partner once, and submitted written questionnaires to the Attor-

---

8. See complaint, paragraph six.

9. Defendant Ansel's motion for summary judgment, page two; plaintiff's response to defendant Ansel's motion for summary judgment, page three.

10. Plaintiff's complaint, paragraph nine; plaintiff's response to defendant Ansel's motion for summary judgment, page two.

11. Defendant Ansel's motion for summary judgment, page two.

12. See the Internal Affairs report dated April 3, 2003, page three.

ney General's agents and police officer involved. As part of his investigation, however, defendant Ansel did not obtain the transcript of the bail proceedings. After compiling his findings, defendant Ansel submitted a report to his supervisor, Inspector Horn. His investigation concluded that plaintiff had violated the police directive.[13] On April 17, 2003, Inspector Horn approved and signed off on the investigation report.[14] The case was then referred to the Police Board of Inquiry for potential disciplinary action. Plaintiff was given notice and requested a hearing.[15]

During the disciplinary hearing, plaintiff was assisted by counsel and presented evidence. She was found guilty by the Police Board of Inquiry of violating the Police Department's directive and was given a five-day suspension, to wit: from March 15 through March 19, 2004.[16] Plaintiff successfully appealed this suspension pursuant to her union contractual rights before an arbitrator, who reversed the suspension and issued a favorable decision for plaintiff on May 17, 2005.[17]

Plaintiff alleges that due to defendant Ansel's faulty investigation she has suffered emotional distress in the form of depression, paranoia and suicidal thoughts.[18]

---

13. *Id.*

14. *Id.*

15. *Id.*

16. *Id.*

17. See *City of Philadelphia, Pennsylvania, and Fraternal Order of Police Lodge No. 5,* AAA case no. 1439075404.

18. Plaintiff's response to defendant Ansel's motion for summary judgment, page 15.

Procedurally, the following events are pertinent to this analysis:

As stated, plaintiff filed an action in federal court against defendants on June 14, 2004. This action was dismissed for lack of jurisdiction by order entered on November 29, 2004.

From the official record (dockets), it appears that on December 22, 2004, plaintiff filed a writ of summons in the Philadelphia Court of Common Pleas against defendants. Counsel for defendants entered their appearances on January 5, 2005. On that same date, a rule to file a complaint was served onto plaintiff. On January 25, 2005, plaintiff filed her complaint against defendants.

Preliminary objections were filed on March 7, 2005, and were disposed of by orders entered on April 8, 2005.

Defendant McIlmail filed an answer to the complaint with new matter on September 16, 2005. Both defendants filed an answer to the complaint and new matter on September 28, 2005.

On October 3, 2005 and October 18, 2005, defendants McIlmail and Ansel, respectively, filed a motion for summary judgment. These motions were granted by this motion judge by orders dated November 30, 2005.

Plaintiff appealed these rulings on December 28, 2005. This motion judge issued a Rule 1925(b)[19] order dated January 4, 2006, which was entered of record on January 6, 2006.

---

19. Pennsylvania Rule of Appellate Procedure 1925(b).

## ISSUES

In response to said Rule 1925(b) order, plaintiff, on January 16, 2006, served unto this motion judge a statement of matters complained of on appeal[20] and essentially argued that this motion judge erred:

(1) in finding that the action was filed beyond the statute of limitations and not considering that defendant Ansel's tortious conduct continued, at least, until April 3, 2003, when the internal affairs investigation report was issued;

(2) in finding that the action was filed beyond the statute of limitations; and

(3) in not specifying or issuing an opinion in support of its ruling.

## LAW AND DISCUSSION

Succinctly, plaintiff argues that this motion judge erred in granting defendants' motions for summary judgment. This motion judge disagrees.

Motions for summary judgment are governed by the provisions of Pennsylvania Rules of Civil Procedure 1035.1-1035.5. Specifically, Rule 1035.2 provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

---

20. As of the date of this opinion, plaintiff has not filed *of record* a concise statement of the matters complained of on appeal in violation of Rule 1925(b).

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

When evaluating the merits of a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Haney v. Pagnanelli,* 830 A.2d 978, 980 (Pa. Super. 2003). "Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits, and other materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *The Brickman Group Ltd. v. CGU Insurance Company,* 865 A.2d 918, 922 (Pa. Super. 2004). However, a motion for summary judgment should only be granted where it is clear and free of doubt. *Marks v. Tasman,* 527 Pa. 132, 134-35, 589 A.2d 205, 206 (1991). A defendant may make the showing necessary to support the entry of summary judgment in defendant's favor by pointing to materials which indicate that the plaintiff is unable to satisfy the elements of his/her cause of action. *Godlewski v. Pars Manufacturing Company,* 408 Pa. Super. 425, 431, 597 A.2d 106, 109 (1991).

The party seeking to avoid the entry of a summary judgment may not merely rest on the averments in the pleadings; the party must show that there is a genuine issue for trial. *Buckno v. Penn Linen & Uniform Service Inc.,* 428 Pa. Super. 563, 566, 631 A.2d 674, 676 (1993), *appeal denied,* 538 Pa. 639, 647 A.2d 895 (1994); *Johnson v. Harris,* 419 Pa. Super. 541, 549, 615 A.2d 771, 775 (1992). Furthermore, the party opposing summary judgment must adduce sufficient evidence on issues essential to his/her case and on which (s)he bears the burden of proof such that a jury could return a verdict in his or her favor; failing to adduce such evidence establishes that there is not a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See *Ertel v. Patriot-News Company,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). The trial court has discretion in this determination and will only be reversed where it is established that the court committed an error of law or abused its discretion. *Pappas v. Asbel,* 564 Pa. 407, 768 A.2d 1089, 1095 (2001).

The purpose of a motion for summary judgment is to expedite the trial of a matter, *Phaff v. Gerner,* 451 Pa. 146, 150, 303 A.2d 826, 829 (1973), and avoid a useless trial where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company,* 544 Pa. 93, 100, 674 A.2d 1038, 1042 (1996).

Here, in his motion for summary judgment, defendant Ansel moved for the dismissal of plaintiff's complaint on the basis of: the expiration of the statute of limitations, immunity by Pennsylvania's Political Subdivision Tort Claims Act, failure to state a claim for intentional

infliction of emotional distress, and failure to prove tortious interference with a contract. Defendant McIlmail's motion for summary judgment presented a similar argument for the dismissal of plaintiff's complaint, except for the statute of limitations argument which was not included. As stated, this motion judge granted the motions for summary judgment based on the statute of limitations argument. This opinion will *only* address this issue.

Undisputedly, actions and/or proceedings based on allegations of intentional infliction of emotional distress and/or tortious interference must be commenced within two years of the incident. See 42 Pa.C.S. §5524(7). An action claiming libel and/or slander must be commenced within one year of the event. See 42 Pa.C.S. §5522(1). The statute of limitations for any action begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations. *Dalrymple v. Brown,* 549 Pa. 217, 223, 701 A.2d 164, 167 (1997).

Here, plaintiff's complaint contains averments sounding in a conspiracy to slander and/or libel, with specific allegations of intentional infliction of emotional distress and tortious interference. Of note, the cover sheet attached to plaintiff's praecipe to issue summons, which was presumably filled out by plaintiff's counsel, identified the case type and code as: *2L-Libel and Slander.*[21] (The complaint does not have a cover sheet.) Thus, if this matter is

___

21. See Court of Common Pleas of Philadelphia County Trial Division Civil Cover Sheet.

accepted as strictly a libel/slander cause of action, then the statute of limitations in which to file a complaint is one year. Notwithstanding whether this matter is governed by a one-year or a two-year statute of limitations, crucial to this analysis is the question, when did plaintiff know or should have known that she was injured by defendants?

In his motion for summary judgment, defendant Ansel argued that the statute of limitations commenced in June 2002, when plaintiff experienced her psychological injuries. Under this premise, the statute of limitations deadline to commence an action for intentional infliction of emotion distress and the tortious interference expired in June 2004. Plaintiff reluctantly acknowledged that her first injury or awareness of an injury occurred on June 14, 2002, thus, triggering the commencement of the statute of limitations.[22] Notwithstanding this admission, plaintiff contends that the statute of limitations was tolled when she filed the original complaint in federal court on June 14, 2004. Plaintiff also argues that because she continued to suffer injuries in the year 2003 and beyond, the statute of limitations did not expire in June 2004, nor has it yet expired.

For the purpose of this opinion, this motion judge accepted plaintiff's acknowledgment that the statute of limitations commenced on June 14, 2002, *albeit* a reluctant acknowledgment. However, this motion judge could easily find that the statue of limitations commenced even earlier than the June 14, 2002 date since plaintiff knew of the Police Department's investigation of her court-

---

22. Plaintiff's response to the motion for summary judgment, page 10.

room appearance in federal court and the alleged erroneous charges against her long before she experienced her psychological injuries. In this motion judge's opinion, her knowledge of these events is what triggers the commencement of the statute of limitations, not when she knows of an injury. See *Baselice v. Franciscan Friars Assumption BVM Province Inc.,* 879 A.2d 270, 276 (Pa. Super. 2005), quoting *Haggart v. Cho,* 703 A.2d 522, 526 (Pa. Super. 1997), for the proposition that a statute of limitations begins to run in such instances when the injured party "possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." Nonetheless, taking the date of June 14, 2002, as the commencement date for the statute of limitations to file a complaint, plaintiff's action for libel and/or slander would have had to be filed by June 2003. Thus, plaintiff's complaint in libel and/or slander filed in federal court was untimely filed. However, if plaintiff's civil action was not a libel and/or slander cause of action, but instead was deemed an action for intentional infliction of emotion distress and the tortious interference, then the cause of action filed in federal court was timely filed.

Putting aside this motion judge's observation and opinions, of critical importance are the provisions of 42 Pa.C.S. §5103(b). These provisions provide:

"(b) Federal cases.

"(1) Subsection (a) shall apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under chapter 55 (relating to limitation of time), a litigant who timely commences an action

or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

"(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States Court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection." 42 Pa.C.S. §5103(b).

The language of these provisions is clear and unambiguous. If a matter is originally filed within the statute of limitations in the federal court, but is dismissed for lack of jurisdiction by the federal court, the litigant may then effect a transfer of the action to state court by complying with the provisions set forth in 42 Pa.C.S. §5103(b)(2). *Williams v. F.L. Smithe Machine Company Inc.,* 395 Pa. Super. 511, 515, 577 A.2d 907, 909 (1990). The state court will treat the matter as if originally filed

in the state court if the litigant complies with the dictates of said section 5103(b)(2). *Williams,* at 515, 577 A.2d at 909. It is also clear from reading section 5103(b) that, in order for the statute to apply to prevent a litigant from losing the opportunity to litigate his/her case on the merits simply because (s)he is in error regarding federal jurisdiction, it is not necessary that the federal court transfer the case or take other action following the determination that federal jurisdiction is absent. *Id.* All that is required is an order entered by the federal court dismissing the matter for lack of jurisdiction. *Id.* It is then incumbent upon the litigant to take further action under the statute to move the case to state court. *Id.*

However, for benefit of both bench and bar, the appellate court in *Williams* emphasized that in order to protect the timeliness of an action under section 5103(b), a litigant, upon having the case dismissed in federal court for lack of jurisdiction, must promptly file in state court a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. *Id.* at 516-17, 515 A.2d at 910. The litigant shall not file new pleadings in state court. *Id.*

Here, plaintiff did not adhere to the provisions of section 5103(b) and/or the holding and recommendations in *Williams.* That is, when the cause of action in federal court was dismissed on November 29, 2004, for lack of jurisdiction, in order to preserve her claim, plaintiff was required to promptly move the action to the state court by filing certified transcripts of the final judgment of the federal court and the related pleadings in the state court of common pleas. The pleadings would have had the same effect as under the practice of the federal court, thus,

preserving the timeliness of the filing of the action. In reviewing the official record (docket), there is no indication that plaintiff complied with the requirements set forth in section 5103(b)(2). The only reference to the federal action is contained in exhibit D of plaintiff's response to defendant Ansel's motion for summary judgment identified as control no. 101073. Said exhibit consists of a printed version of an uncertified, unofficial "pacer" docket sheet for the federal case. In neither plaintiff's response to, nor in defendant Ansel's motion for summary judgment, do the parties assert that there are any certified transcripts of the final judgment from the federal action filed with the complaint. Absent any evidence to the contrary, plaintiff has failed to comply with the requirements of section 5103(b). Plaintiff's failure to adhere to these requirements resulted in her complaint being untimely filed in the court of common pleas. In light of this procedural flaw, it is the opinion of this motion judge that plaintiff's state action was filed after the statute of limitations had expired and therefore, was properly dismissed with the granting of defendants' motions for summary judgment.

In summary, and despite this motion judge's observations and analysis of the procedural history, for the purpose of these motions for summary judgment, this motion judge accepted the fact that the statute of limitations for plaintiff's complaint commenced no later than June 14, 2002, when plaintiff was interviewed by defendant Ansel, as part of the internal affairs inquiry regarding her presence at her brother's criminal bail hearing and, allegedly, suffered psychological injuries. In this motion judge's opinion, her action in libel/slander should have

been filed by June 2003. As stated, her federal action was not filed until June 14, 2004.

Assuming arguendo that plaintiff's complaint is strictly one of intentional infliction of emotional distress and tortious interference, then the statute of limitations expired in June 2004, as the parties have argued. Under this premise, although it appears that plaintiff timely filed an action in federal court (on June 14, 2004), this federal action, however, was dismissed by order dated November 29, 2004. As stated, an individual action filed in federal court does not toll the running of the statute of limitations as to an action in state court. To preserve whatever cause of action may exist when the federal action is dismissed for lack of jurisdiction, that timely filed federal action must be transferred promptly to a state court. This transfer is effectuated by filing a certified copy of the final judgment and related pleadings in a state court. Because plaintiff failed to comply with the statute governing transfers from a federal to a state court; to wit: 42 Pa.C.S. §5103(b), and mistakenly filed a new, although identical complaint in state court (on December 22, 2004, beyond the statute of limitations), her complaint in state court, in this motion judge's opinion, is deemed untimely filed and its dismissal proper. Further, the dockets reveal that more than 14 months have passed since the dismissal of her federal action and plaintiff has yet to file certified transcripts of the final judgment and related pleadings from the federal action.

## CONCLUSION

Based upon the above-cited analysis and case law, this motion judge is of the opinion that no error was commit-

ted when granting defendants' motions for summary judgment. This motion judge respectfully requests that plaintiff's appeal be dismissed on its merits and for failure to comply with Pa.R.A.P. 1925(b), and that orders dated November 30, 2005, be affirmed.

