J-A13030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL J. BARTOW, AN INDIVIDUAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TRI-STAR MOTORS, INC., A BUSINESS CORPORATION AND KEVIN B. SERGENT, AN INDIVIDUAL | |
| Appellees | No. 1084 WDA 2015 |

Appeal from the Order Entered June 18, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 3602 of 2014

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 13, 2016**

Appellant, Michael J. Bartow ("Bartow"), appeals from the June 18, 2015 order of the Court of Common Pleas of Westmoreland County ("trial court") granting Tri-Star Motors, Inc. ("Tri-Star") and Kevin B. Sergent's ("Sergent") (together "Appellees") motion for judgment on the pleadings. Upon review, we affirm.

On December 11, 2013, Bartow filed a complaint in federal court pursuant to 42 U.S.C. § 1983 asserting a malicious prosecution claim against Corporal Edward R. Thomas ("Thomas") and a malicious use of process claim against Appellees. These claims originate from criminal charges brought against Bartow that were dismissed on December 12, 2011. On July 2, 2014, Bartow's claims against Thomas were dismissed with prejudice. The

federal court declined to exercise supplemental jurisdiction and dismissed the claims against Appellees without prejudice.

On July 23, 2014, Bartow filed a complaint against Appellees in the trial court asserting a claim of malicious use of process. Appellees filed preliminary objections on September 26, 2014, asserting legal insufficiency of a pleading. On December 31, 2014, the trial court overruled Appellees' preliminary objections.

Appellees filed an answer with new matter on February 6, 2015, asserting multiple affirmative defenses, including a statute of limitations defense. Bartow replied to the new matter on February 11, 2015. On March 27, 2015, Appellees filed a motion for judgment on the pleadings and a brief in support of the motion. Bartow filed a brief in opposition to the motion for judgment on the pleadings on April 7, 2015. The trial court held oral argument on June 3, 2015, and granted Appellees' motion on June 18, 2015. The trial court found that Bartow failed to comply with the technical requirements of 42 Pa.C.S.A. § 5103 (hereinafter "§ 5103"), which preserves the filing date of a case previously filed in federal court and tolls the statute of limitations.

Bartow filed a timely notice of appeal on July 16, 2015. The trial court did not order a concise statement pursuant to Pa.R.A.P. 1925(b); rather, an order was entered on July 27, 2015, noting that the reasons for the June 18, 2015 order were explained therein.

Bartow raises a sole issue on appeal:

> Whether the trial court erred in granting [] Appellees' request for [j]udgment on the [p]leadings pursuant to 42 Pa.C.S. § 5103 when [] Appellees neglected to raise the failure to comply with § 5103 as a [p]reliminary [o]bjection or even a [n]ew [m]atter.

Appellant's Brief at 4. This Court's standard of review of an order granting judgment on the pleadings is well established.

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

*Southwestern Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted). "The grant of a motion for judgment on the pleadings will be affirmed by an appellate court only when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise." *Swift v. Milner*, 538 A.2d 28, 31 (Pa. Super. 1988) (citation omitted).

Pennsylvania statutes provide safeguards that toll the statute of limitations for erroneously filed matters, provided the plaintiff promptly complies with the statutory requirements. *See Williams v. F.L. Smithe Mach. Co.*, 577 A.2d 907, 910 (Pa. Super. 1990). The statutory provision at issue, § 5103 (Transfer of erroneously filed matters), provides in relevant part:

> (a) General rule. If an appeal or other matter is taken to or brought in a court or magisterial district of this

Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(b) Federal cases.

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States Court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

- 4 -

42 Pa.C.S.A. § 5103. This Court has noted that "the key to protection in this case is conformity with the statutory requirements, which are not onerous in light of the protection the statute affords." ***Falcone v. Insurance Co. of State of Pennsylvania***, 907 A.2d 631, 640 (Pa. Super. 2006). Furthermore, "a litigant, upon having his case dismissed in federal court, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. The litigant shall not file new pleadings in state court." ***Williams***, 577 A.2d at 910.

Under Pennsylvania practice, the failure of a pleading to conform to law or rule of court must be raised by way of preliminary objection. Pa.R.C.P. 1028(2). Affirmative defenses, like statutes of limitations, are affirmative defenses that must be set forth in a responsive pleading under the heading of "New Matter." Pa.R.C.P. 1030(a). Here, it is undisputed that Appellees included the statute of limitations as an affirmative defense under new matter in their pleadings. They did not raise the defense of the statute of limitations as a preliminary objection. Appellant's issue in essence asks us to decide whether Appellant's failure to toll the running of the statute limitations by not properly transferring his action from federal court to state court under § 5103 may properly be addressed as an affirmative defense under a motion for judgment on the pleadings. We hold that it was not error for the trial court to do so.

Appellant filed his action in state court after it was dismissed in federal court for lack of jurisdiction. Attached to Appellant's state court complaint was an uncertified copy of his federal complaint, as well as an uncertified copy of the memorandum opinion and order dismissing his federal action. Failure to comply with the transfer provisions provided under § 5103(b)(2) to preserve the filing date of his federal court action in state court is not disputed. The legal effect of Appellant's failure to properly transfer his action from federal to state court under § 5103 was to not preserve his federal filing date as the filing date for his state court action. Therefore, the timeliness of Appellant's state action was to be determined from the date of his state court filing. It is undisputed that by the time Appellant filed his state court action, the applicable two-year statute of limitations for his malicious abuse of process action had expired. Since Appellees challenged whether Appellant's action was time-barred under the applicable statute of limitations, the defense was properly raised under new matter and considered by the trial court in a motion for judgment on the pleadings. *See Ruhe v. Kroger Co.*, 229 A.2d 750, 751 (Pa. 1967) (appellees' assertion of an affirmative defense raised in a pleading is properly subject to a motion for judgment on the pleadings).

Appellant's reliance upon *Ferrari v. Antonacci*, 689 A.2d 320 (Pa. Super. 1997) for his argument that a failure to properly follow transfer procedures under § 5103 must be raised by way of preliminary objection and not by way of summary judgment is misplaced. In *Ferrari*, the appellee

alleged by way of preliminary objection that appellant's complaint failed to conform to law or rule of court by not promptly transferring to state court an action dismissed by the federal court for lack of jurisdiction under § 5103. On appeal, the appellant argued that the trial court erred because a statute of limitations defense cannot be raised in preliminary objections and the trial court wrongly applied § 5103. In dismissing that contention, this Court held that a statute of limitations defense was not the basis for the appellee's objection, nor was it the basis for the trial court's ruling. The question presented was not whether the limitation period was violated, but whether the appellee took appropriate steps to transfer the action from federal to state court. We therefore concluded that it was proper for the appellee to file, and for the trial court to consider, preliminary objections raising transfer noncompliance under § 5103. The difference between **Ferrari** and the instant case is that in **Ferrari** the *procedure* to transfer was challenged, as opposed to the timeliness effect of the failure to properly transfer, as in this case. With the former, improper procedure is properly raised by way of preliminary objection. With the latter, dismissal of an action based upon a statute of limitations is properly raised by way of new matter.

In the matter *sub judice*, Appellees properly raised a statute of limitations defense—an affirmative defense—in their answer and new matter. The statute of limitations defense was properly pled by Appellees in their motion for judgment on the pleadings and properly granted by the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2016</u>