# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alberta Quiah,                                    :
                 Appellant         :
                                     :
            v.                                    :   No. 408 C.D. 2021
                                       :   ARGUED:  March 6, 2023
The Devereux Foundation, Inc.           :
d/b/a t/a Devereux Whitlock Center and :
James Sesher, individually and in his    :
capacity as a Detective in the Easttown  :
Township Police Department               :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
                        HONORABLE STACY WALLACE, Judge
                        HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED:  September 18, 2023**

Alberta Quiah, Plaintiff, appeals from the Court of Common Pleas of Chester County's grant of preliminary objections to her amended complaint against the Devereux Foundation—her former employer—and James Sesher, a detective in the Easttown Township Police Department (collectively, Defendants), and dismissal of her amended complaint with prejudice.  We affirm.

The operative facts are as follows.  In April 2015, Plaintiff was a supervisor for Devereux and became the subject of an internal investigation which entailed accusations of misuse of funds, resulting in her termination.  Devereux contacted the Police Department with its allegations.  Sesher, the investigating officer, filed an affidavit of probable cause against Plaintiff, and the matter was prosecuted by the Chester County District Attorney's Office.  Ultimately, on September 26, 2017, the matter proceeded to trial on charges of theft by unlawful

taking, theft by deception, and receiving stolen property.[1]  The jury found Plaintiff not guilty of all counts.[2]

On September 30, 2019, Plaintiff filed suit in the United States District Court for the Eastern District of Pennsylvania against, *inter alia*, Devereux and Sesher, bringing claims under both federal law—which currently have no bearing on the case—and state law, including malicious prosecution, abuse of process, and conspiracy.  After several rounds of preliminary objections and motions to dismiss, on September 22, 2020, the federal court dismissed the federal claims in Plaintiff's third amended complaint (federal complaint) with prejudice and her claims under Pennsylvania law without prejudice, with leave to pursue them in state court pursuant to 28 U.S.C. § 1367(d).  [Order of Sept. 22, 2020, *Quiah v. The Devereux Found., Inc.* (E.D. Pa., Civil Action No. 19-4630, filed Sept. 22, 2020) (original dismissal order), Reproduced Record "R.R." at 335a.[3]]  Subsequently, during a

---

[1] The number and grading of counts varied as the case proceeded to trial, but the Court limits its recitation of the facts to those necessary for disposition.

[2] The date of the jury's verdict is not conclusively indicated in the record.

[3] An accompanying opinion stated as follows:

> As stated at the outset, there are differences under Pennsylvania law that might provide Plaintiff with a stronger legal basis to challenge the alleged conduct of Defendants.  I remain concerned by what [Plaintiff] alleges was Devereux's seemingly relentless pursuit of her in the vein of Victor Hugo's Inspector Javert. After I dismiss Plaintiff's claims on jurisdictional grounds, she may elect to transfer the action to state court under [Section 5103(b) of the Judicial Code,] 42 Pa.C.S. § 5103(b). *See also* 28 U.S.C. § 1367(d); *Artis v. Dist[.] of Columbia*, [583 U.S. 71, 74] . . . (2018).

[Mem. Op., *Quiah v. The Devereux Found., Inc.* (E.D. Pa., Civil Action No. 19-4630, filed Sept. 22, 2020), slip op. at 16-17, R.R. at 351a-52a.]

2

phone conference with the federal court, Devereux presented without opposition what the court characterized as an "oral motion of clarification," which it granted by order dated October 6, 2020, again with leave to pursue the claims in state court pursuant to Section 1367(d). [Order of Oct. 6, 2020, *Quiah v. The Devereux Found., Inc.* (E.D. Pa., Civil Action No. 19-4630, filed Oct. 6, 2020) (amended dismissal order[4]), R.R. at 489a.]

On October 23, 2020, Plaintiff filed a new complaint in the trial court against Defendants with only state law claims of malicious prosecution, abuse of process, and conspiracy. The new complaint added, modified, and removed

---

[4] The original dismissal order of September 22, 2020, read, in pertinent part, as follows:

> [I]t is hereby ORDERED that the Motions to Dismiss of the governmental Defendants . . . are GRANTED, and the claims against all Defendants except The Devereux Foundation are dismissed with prejudice. It is further ORDERED that Devereux's Motion to Dismiss . . . is GRANTED. Plaintiff's claims brought under federal law are dismissed with prejudice, and her claims under Pennsylvania law without prejudice, with leave to pursue them in state court pursuant to 28 U.S.C. § 1367(d). The Clerk is requested to mark this case CLOSED for statistical purposes.

(Orig. Dismissal Order.) The amended dismissal order of October 6, 2020, read, in pertinent part, as follows:

> This Court's Order of September 22, 2020, is AMENDED as follows: The Motions to Dismiss of the governmental Defendants, . . . and Devereux's Motion to Dismiss . . . are GRANTED. Plaintiff's claims against all Defendants brought under federal law are dismissed with prejudice. Plaintiff's claims against all Defendants brought under state law are dismissed without prejudice, and with leave to pursue all such claims in state court pursuant to 28 U.S.C. § 1367(d). The Clerk is requested to mark this case CLOSED for statistical purposes.

(Am. Dismissal Order.)

averments present in the federal complaint. Defendants each filed preliminary objections asserting, *inter alia*, that Plaintiff's new complaint failed to conform to the mandates of Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2) (by failing to include the certified federal transcript and related pleadings), and was filed beyond the 30-day tolling period allowed by 28 U.S.C. § 1367(d), which they asserted was the applicable time period for transfer. On November 25, 2020, Plaintiff filed an amended complaint in the trial court, and attached to the amended complaint certified copies of all the federal documents required under Section 5103(b)(2). Defendants filed timely preliminary objections to Plaintiff's amended complaint.

The trial court entered an order sustaining Defendants' preliminary objections to the new complaint (termed by the trial court "Plaintiff's Second Amended Complaint," although only one amended complaint was filed). [Order, *Quiah v. The Devereux Found., Inc.* (Chester C.C.P., Civil No. 2020-07854-TT, filed Mar. 12, 2021), R.R. at 1223a-24a.] The trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), stating that "during the preliminary stages of this case, . . . [Plaintiff] did not take the appropriate steps to transfer her complaint from federal to state court despite the plain requirements of 42 Pa.C.S. § 5103(b), which patently prohibits new pleadings." [Op., *Quiah v. Devereux Found.* (Chester C.C.P., Civil No. 2020-07854-TT, filed June 16, 2021), slip op. at 12, R.R. at 1520a.] More specifically, the trial court found that Plaintiff modified several averments in her new complaint in order to bolster the state causes of action. (*Id.* at 11, R.R. at 1519a.)

On appeal, Plaintiff's presentation of the questions presented is as follows:

1. Did the court below err in dismissing [P]laintiff[']s civil action with prejudice where she initially filed a new [c]omplaint within 17 days of the federal [amended] dismissal [o]rder and then in response to [p]reliminary [o]bjections filed in due course an [a]mended [c]omplaint attaching as exhibits certified copies of the required federal documents and incorporating the averments of her federal complaint within 50 days of the federal [amended] dismissal [o]rder?

2. Did the court below err in sustaining [D]efendants' Preliminary Objections to [P]laintiff[']s [a]mended [c]omplaint presumably holding that [P]laintiff's filing of an initial new complaint containing allegedly new averments precluded consideration of her [a]mended [c]omplaint which attached as exhibits certified copies of all federal documents required to be filed pursuant to 42 Pa.C.S. § 5103(b)(2) and incorporated the averments of her federal [c]omplaint as her state court [amended] [c]omplaint?

(Pl. Br. at 5-6.)

Plaintiff's first argument asserts that her filings were sufficiently prompt for purposes of Section 5103(b), which provides in pertinent part as follows:

(1) . . . . Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court . . . of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, *such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth*. The pleadings shall have the same effect as under the practice in the United States court,

5

but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth . . . .

42 Pa.C.S. § 5103(b) (emphasis supplied). Defendants respond that Plaintiff's filing of a new complaint contrary to the procedures set forth in Section 5103(b) denies her the protections afforded by it, rendering her suit untimely for purposes of the relevant statute of limitations. Defendants also argue that Section 5103(b) should be read *in pari materia* with 28 U.S.C. § 1367(d), so as to import its 30-day limitation upon transfers. We agree. Section 1367(d) provides as follows:

> The period of limitations for any claim asserted under subsection (a),[5] and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d) (footnote added).

Implicitly, the trial court's holding is based upon the statute of limitations on Plaintiff's state claims, which was two years,[6] as the policy behind Section 5103(d) is to preserve a claim or cause of action timely filed in federal court

---

[5] Subsection (a) of Section 1367 provides generally for "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This provision has been interpreted by the United States Supreme Court to "hold in abeyance" the relevant state statute of limitations (i.e., "pause the clock"). *Artis*, 583 U.S. at 75 (2018). As Plaintiff had largely or entirely "run out the clock" on the statute of limitations of her state law tort actions by waiting until two years after her acquittal to first file them in federal court, she had 30 days from dismissal of her federal claim to file in the trial court.

[6] The statute of limitations for tort claims, including claims for civil conspiracy, malicious prosecution, and abuse of process, is two years. 42 Pa.C.S. § 5524.

on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction. *Com. v. Lambert*, 765 A.2d 306, 320 (Pa. Super. 2000).[7] Because the General Assembly did not build a specific time limitation into Section 5103(b), the Superior Court created a "promptness" standard which our courts have imputed into Section 5103(b) ever since. *See Williams v. F.L. Smithe Mach. Co., Inc.*, 577 A.2d 907, 909 (Pa. Super. 1990); *accord Kurz v. Lockhart*, 656 A.2d 160, 163-64 (Pa. Cmwlth. 2005) (adopting promptness requirement). However, *Williams*, in addition to establishing the requirement for promptness and reiterating the requirement of Section 5103(b) that a litigant file the documents required by Section 5103(b) in order to effectuate transfer, stated that "[t]he *litigant shall not file new pleadings in state court*." *Chris Falcone, Inc. v. Ins. Co. of State of Pa.*, 907 A.2d 631, 638 (Pa. Super. 2000) (emphasis original) (quoting *Williams*, 577 A.2d at 910).

Section 1367(d) and its interplay with Section 5103(b) is little discussed, with our courts generally deciding cases based solely on whether a litigant complied with Section 5103(b). In an unreported case, *Bolick v. Northeast Industrial Services Corporation* (Pa. Cmwlth., No. 443 C.D. 2019, filed August 18, 2021) (*Bolick I*),[8] we held that the plaintiffs' filing of a writ of summons within 30 days of

---

[7] The law regarding Section 5103(b) has been largely shaped by the Superior Court. While not binding upon this Court, decisions of the Superior Court "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Bolick I* and *Bolick v. Northeast Industrial Services Corporation* (Pa. Cmwlth., No. 1221 C.D. 2021, filed January 25, 2023) (*Bolick II*), are cited for their persuasive value.

the dismissal of a federal action against certain defendants was sufficient to comply with Section 1367(d), but that "to perfect the transfer" the plaintiffs were required to promptly comply with Section 5103(b). *Id.*, slip op. at 15. A failure to do so for various causes of action meant the plaintiffs could not "avail themselves of the tolling protections afforded by . . . [Section] 1367(d)," *id.* at 16, and had "forfeited the benefit" of that provision, *id.* at 18. The result was an affirmance of dismissal on preliminary objections based upon the statute of limitations. We later affirmed the dismissal of claims against another defendant in the same case, which was raised in a new matter and a motion for judgment on the pleadings for the same reason. *Bolick v. Ne. Indus. Servs. Corp.* (Pa. Cmwlth., No. 1221 C.D. 2021, filed Jan. 25, 2023) (*Bolick II*).

While we agree with the principles cited above, we believe these cases have created confusion by conflating the 30-day period during which the statute of limitations is tolled pursuant to 28 U.S.C. § 1367(d) with a requirement that a transfer must be effected within 30 days. Neither Section 1367(d) nor 42 Pa.C.S. § 5103(b) imposes any particular time limitation on the period within which a transfer can be effected. The only time limitation is that mandated by case law, i.e., that it be done "promptly" in order to preserve the 30-day tolling period. To be clear, however, the tolling period remains 30 days, not whatever time period elapses before a prompt transfer is effected.[9] Thus, if a transfer is properly and promptly effected, the statute of limitations will run out after the federal dismissal, plus whatever time was remaining when the federal claim was filed, plus 30 days. *Artis v. Dist. of Columbia*, 583 U.S. 71, 75 (2018).

---

[9] To the extent that any non-precedential cases may have seemed to suggest to the contrary, we disagree and decline to follow that notion.

8

To reiterate:

1.     Where a federal court dismisses federal claims for lack of jurisdiction, pendant state claims dismissed without prejudice may be transferred to state court pursuant to Section 5103(b) by promptly filing a certified transcript of the federal judgment and related pleadings in the appropriate Pennsylvania court.

2.     Filing a new complaint in the state court without the certified transcript, particularly one which is not identical to the state claims asserted in the federal complaint, does not effect a transfer under Section 5103(b) and does not preserve the tolling provisions of 28 U.S.C. § 1367(d).

3.     Pursuant to 28 U.S.C. § 1367(d), where such a transfer is effected, the state statute of limitations is tolled during the pendency of the federal case and for 30 days thereafter. To this period, then, is added whatever amount of time was remaining on the statute of limitations at the time the federal suit was filed in order to determine when the statute runs. In other words, after the 30 days, the statute of limitations is no longer tolled and the plaintiff is back, for purposes of the statute of limitations, to where she was on the day she filed the federal action.

In this case, it is clear that the complaint filed on October 23, 2020 did not effect a transfer pursuant to 42 Pa.C.S. § 5103(b). It is equally clear that, by the time the amended complaint with the certified transcript was filed on November 25, the statute of limitations had run. This is true whether the dismissal is deemed to have occurred on September 22 or October 6, because the statute was tolled for only 30 days—at the latest, November 5—and Plaintiff had no time left when the federal action was filed.

Finally, we address Plaintiff's second argument, that her ineffective filing of the new complaint on October 23 should be considered an effective transfer

because she later filed an amended complaint attaching the necessary documents. To accept that argument and allow amendment to remedy the defective filing *after* the statute of limitations has passed would eviscerate the statutory scheme and allow an end run around its clear mandates.

In light of the foregoing, we affirm.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alberta Quiah, : 

                    Appellant :

: 

        v.            :       No. 408 C.D. 2021

: 

The Devereux Foundation, Inc. :

d/b/a t/a Devereux Whitlock Center and :

James Sesher, individually and in his :

capacity as a Detective in the Easttown :

Township Police Department :

# **O R D E R**

AND NOW, this 18th day of September, 2023, the order of the Court of Common Pleas of Chester County is AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita